UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

KEITH ENROUGHTY

Plaintiff,

vs.   Case No.: 3:12CV872

STAPLES MILL PROPERTIES, LLC,
a Virginia corporation

Defendant.
_____/

## COMPLAINT

Plaintiff, Keith Enroughty ("Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues Staples Mill Properties, LLC a Virginia limited liability company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181, *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA").

2. This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343. Venue is proper in this Court pursuant to 28 U.S.C. §1391(B) and Local Rules of the United States District Court for the Eastern District of Virginia, Western Division.

3. Plaintiff, Keith Enroughty (hereinafter referred to as "Enroughty") is a resident of the State of Virginia and is a qualified individual with a disability under the ADA. Enroughty

suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he suffered a spinal cord injury, requires a wheelchair for mobility, and has limited use of his upper extremities. Prior to instituting the instant action, Enroughty personally visited the Defendant's premises within the last four (4) months and was denied full, safe and equal access to the Defendant's premises due to the barriers to access which exist and the Defendant's lack of compliance with the ADA. Enroughty intends to and continues to desire to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access and violations which continue to exist.

4. The Defendant, Staples Mill Properties, LLC, a Virginia limited liability company, (hereinafter referred to as "Staples Mill") is authorized to conduct and is conducting business in the State of Virginia. Upon information and belief, Staples Mill is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, more specifically, the Roy's Express Mart, located at 7605 Staples Mill Road in Richmond, Virginia (hereinafter referred to as the "Service Station").

5. All events giving rise to this lawsuit occurred in the Eastern District of Virginia in Richmond.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.* Commercial enterprises were provided one-and-a-half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the establishment owned and/or operated by Staples Mill is a place of public accommodation in that it is a service station, which provides goods and services to the public.

8. Defendant, Staples Mill has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Service Station in derogation of 42 U.S.C. § 12101 *et seq.*

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Service Station. Prior to the filing of this lawsuit, the Plaintiff visited the Defendant's premises and was denied access to the benefits, accommodations and services of the Defendant's place of public accommodation and therefore suffered an injury in fact. In addition, the Plaintiff continues to desire and intends to visit the Service Station, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at the Service Station in violation of the ADA. Enroughty has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Staples Mill is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.*, and is discriminating against the Plaintiff as a result of *inter alia*, the following specific barriers to access:

      i. There is no accessible parking space at the facility such that the Plaintiff is unable to park in an accessible space and would be forced to risk being blocked from his vehicle by a vehicle parked in an adjacent space due to the lack of accessible parking spaces with adjacent access aisles necessary for wheelchair users;

      ii. There is no vertical access provided onto the sidewalk, as the curb at the property measures in excess of six (6) inches high.

12. There are other current violations of the ADA at the Service Station owned and/or operated by Staples Mill which are not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. § 12101 *et seq.*, and 28 C.F.R. § 36.304, Staples Mill was required to make the subject property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Staples Mill has failed to comply with this mandate.

15. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Staples Mill pursuant to 42 U.S.C. § 12205.

16. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Staples Mill and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by Staples Mill is violative of the ADA;

    B.    That the Court enter an Order directing Staples Mill to alter the subject facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Staples Mill to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated November 28, 2012        Respectfully submitted,

_____
Jonathan H. Walker, Esquire
Virginia Bar No. 24300
Mason Mason Walker, & Hedrick, P.C.
11848 Rock Landing Dr, #201
Newport News, VA 23606
Telephone: (757) 873-3909
Facsimile: (757) 873-1781
jwalker@masonwalker.com
*Local Counsel*